# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60582
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jerry Street,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-74-1

———————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jerry Street, federal prisoner # 20232-043, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release, wherein he argued, among other things, that his status as the only available caregiver for his elderly mother and stepfather who suffered from debilitating illness was an extraordinary and compelling circumstance warranting early release. We

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

review the denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Under § 3582(c)(1)(A)(i), a district court may modify a defendant's sentence after it considers the applicable 18 U.S.C. § 3553(a) factors if "extraordinary and compelling reasons warrant such a reduction." A district court errs if, in considering whether to grant a § 3582(c)(1)(A)(i) motion, it treats the U.S.S.G. § 1B1.13 policy statement as binding. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021).

Although Street contends that the district court erroneously believed that it was bound by the policy statement in § 1B1.13, nothing in the record indicates that the district treated the policy statement as binding. At most, the district court's order indicates that the court's decision was informed by the policy statement, which does not amount to an abuse of discretion. *See United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022).

Additionally, Street's argument that the district court did not consider the evidence he submitted in evaluating his arguments has no merit. Even if the district court did not expressly address that evidence, Street's pleadings cited and discussed the evidence and the district court stated that it had reviewed his submissions. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

Because Street otherwise fails to demonstrate that the district court abused its discretion in denying his motion for compassionate release based on its finding that he failed to establish extraordinary and compelling circumstances, we do not reach his arguments that the § 3553(a) factors warranted his release. *See Jackson*, 27 F.4th at 1093 n.8.

The order of the district court is AFFIRMED.